**Order filed February 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00307-CR

_____

### BRITNEY NICOLE DOKEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10918-D**

### O R D E R

Appellant, Britney Nicole Dokey, has filed this appeal from a judgment revoking her community supervision for the offense of tampering with a governmental record. Upon reviewing the record in this case, we have concluded that the trial court's certification of Appellant's right of appeal is defective, and we direct the trial court to amend its certification.

The certification contained in the clerk's record reflects that the trial court certified that this is a plea bargain case and that Appellant has no right of appeal.

*See* TEX. R. APP. P. 25.2(a)(2), (d).  However, despite Appellant's plea of true and the parties' agreement with respect to punishment, this is not a plea bargain case.  The Court of Criminal Appeals has explicitly held that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions."  *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).  The *Dears* court further stated: "Regardless of whether a court feels that a defendant should be 'bound' by an agreement on a plea of true, the plain language of Rule 25.2(a)(2) does not contemplate that situation."  *Id.*  Rule 25.2(a)(2) does not limit Appellant's right to appeal from the judgment revoking her community supervision.  *See id.*  Thus, the trial court's certification of Appellant's right of appeal was "defective."  *See id.* at 615; *see also* TEX. R. APP. P. 37.1.

The trial court is directed to enter an amended certification reflecting that this is not a plea bargain case and that Appellant has a right to appeal, and the district clerk is directed to file in this court a supplemental clerk's record containing the amended certification.  *See* TEX. R. APP. P. 25.2(d), 34.5(c)(2), 37.1; *see also Dears*, 154 S.W.3d at 614.  The amended certification is due to be filed in this court on or before February 26, 2015.

PER CURIAM

February 12, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2